IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Angela Bone, | Civil Action No.: 3:20-cv-02856-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| DICK'S Sporting Goods, Inc., | |
| Defendant. | |
| DICK'S Sporting Goods, Inc., | |
| Third-Party Plaintiff, | |
| v. | |
| Fitness Equipment Services, LLC, doing business as Sole Fitness, | |
| Third-Party Defendant. | |

Plaintiff Angela Bone filed this action against Defendant DICK'S Sporting Goods, Inc., to recover monetary damages for injuries she suffered when she was thrown from a treadmill onto the floor at DICK'S store located at 1110 Bower Parkway, Columbia, South Carolina. (ECF No. 1-1 at 2 ¶ 4–3 ¶ 6.)

This matter is before the court by way of DICK'S Motion for Default Judgment against Third-Party Defendant Fitness Equipment Services LLC d/b/a Sole Fitness ("Sole Fitness") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 28.) Specifically, DICK'S argues that default judgment is warranted because Sole Fitness "has not made any appearance in the case and has not filed any pleading in response to the Third-Party Complaint and is far beyond the deadline set forth in Rule 12(a)." (ECF No. 28 at 3.) Sole Fitness opposes the Motion for Default Judgment asserting that it "has never been properly served in this lawsuit,

1

and the [c]ourt lacks personal jurisdiction over [it]." (ECF No. 32 at 7.) Further, Sole Fitness moves the court to set aside the entry of default based on the defective service and lack of personal jurisdiction. (*See* ECF No. 31 at 7.) For the reasons set forth below, the court **DENIES** DICK'S Motion for Default Judgment and **GRANTS** Sole Fitness's Motion to Set Aside the Entry of Default. (ECF Nos. 28, 31.)

## I.     RELEVANT BACKGROUND TO THE PENDING MOTIONS

1.     On February 19, 2018, while shopping at a DICK'S sporting goods store, Plaintiff alleges she "stepped onto a treadmill and pressed some buttons" and "was thrown from the treadmill onto the floor and into some bicycles that were to the rear of the treadmill, causing injuries to her right wrist, right elbow, right knee and right ankle." (ECF No. 1-1 at 2 ¶ 4–3 ¶ 6.)

2.     On May 29, 2020, Plaintiff filed a Complaint against DICK'S for negligence in the Lexington County (South Carolina) Court of Common Pleas. (*Id.*)

3.     DICK'S asserts that it "was served with the Summons and Complaint by certified mail on its registered agent, CSC, on July 6, 2020." (ECF No. 1 at 1.)

4.     On August 5, 2020, DICK'S removed the case to this court pursuant to 28 U.S.C. § 1332 based on the complete diversity of citizenship between it and Plaintiff. Specifically, in the Complaint, Plaintiff alleged that she "is a citizen and resident of Lexington County, South Carolina" and DICK'S is a corporation organized under the laws of Delaware with its corporate headquarters in Coraopolis, Pennsylvania. (ECF No. 1-1 at 2 ¶¶ 1–2.) Moreover, DICK'S asserted that the amount in controversy exceeded the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, "[b]ased upon the alleged medical damages, the amount of Plaintiff's demand . . . and her claim for relief, including actual and punitive damages." (ECF No. 1 at 2 ¶ 3.)

5.      Also on August 5, 2020, DICK'S answered the Complaint generally denying its allegations (ECF No. 2 at 1 ¶ 1–3 ¶ 19) and alleged third-party claims against Sole Fitness for contractual indemnification, breach of contract, equitable indemnification, and apportionment. (*Id.* at 7 ¶ 44–12 ¶ 66.)

6.      Immediately thereafter on August 5, 2020, the court issued a Summons on a Third-Party Complaint for Fitness Equipment Services LLC d/b/a Sole Fitness c/o David Babcock, Registered Agent, 56 Exchange Place, Salt Lake City, Utah 84111.   (ECF No. 3.)

7.      On July 1, 2021, DICK'S filed a Certificate of Service (ECF No. 21) certifying that on August 14, 2020, it served a copy of the Summons on a Third-Party Complaint and Answer and Third-Party Complaint on Sole Fitness at 56 Exchange Place, Salt Lake City, Utah 84111 by "certified mail, return receipt requested."   (ECF No. 21.)   DICK'S attached to the Certificate of Service the following statement from the United States Postal Service:

> **UNITED STATES POSTAL SERVICE**
>
> Date Produced: 08/17/2020
>
> GAFFNEY, LEWIS & EDWARDS, LLC:
>
> The following is the delivery information for Certified Mail™/RRE item number 9214 8969 0099 9790 1417 9478 31. Our records indicate that this item was delivered on 08/14/2020 at 12:04 p.m. in SALT LAKE CITY, UT 84111. The scanned image of the recipient information is provided below.
>
> Signature of Recipient : [handwritten signature]
>
> Address of Recipient : [handwritten address]
>
> Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.
>
> Sincerely,
> United States Postal Service
>
> The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.
>
> Customer Reference Number:      Bone v. DSG

(ECF No. 21-1.)

8. On July 2, 2021, DICK'S filed a Request for Entry of Default. (ECF No. 23.) DICK'S asserted that Sole Fitness was required to answer or otherwise respond to the Third-Party Complaint by September 14, 2020. (ECF No. 23-1 at 2 ¶ 5.)

9. The Clerk of Court entered default in favor of DICK'S on July 2, 2021.[1] (ECF No. 24.)

10. On August 9, 2021, DICK'S filed the instant Motion for Default Judgment. (ECF No. 28.)

11. On September 2, 2021, Sole Fitness filed the pending Motion to Set Aside Default Judgment. (ECF No. 31.)

## II.     LEGAL STANDARD

Rule 55(b)(2) provides for the entry of default judgment by the court against a party that has not properly responded to a complaint in a timely manner. Fed. R. Civ. P. 55(b)(2). *See also* Fed. R. Civ. P. 12(a)(1)(A) ("A [third-party] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; . . . ."). Rule 55 also provides that "[t]he court may set aside an entry of default for good cause, . . . ." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fourth Circuit has articulated six (6) factors for courts to consider in determining whether relief from an entry of default is appropriate under Fed. R. Civ. P. 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203–04 (4th Cir. 2006). "Although the clear

---

[1] The court also notes that on July 2, 2021, it entered an Order of Dismissal as to Plaintiff's case against DICK'S. (*See* ECF No. 26.)

4

policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (internal and external citations omitted).

### III.     ANALYSIS

A.     <u>The Parties' Arguments</u>

DICK'S seeks default judgment based on Sole Fitness's failure to answer or otherwise respond to the Third-Party Complaint by September 16, 2020. (ECF No. 28 at 3.) DICK'S further asserts that service on Sole Fitness was proper by "certified letter [] served upon David Babcock, who is the designated registered agent for Fitness Equipment Services LLC d/b/a Sole Fitness according to the South Carolina Secretary of State's records, at 12:04 p.m. on August 17, 2020." (*Id.* at 2.) A records search with the Utah Secretary of State's Office reveals the following information which includes Babcock's status as the registered agent for Sole Fitness:

```
SOLE FITNESS

Entity Number: 6009421-0151
Company Type: DBA
Address: 56 EXCHANGE PLACE SALT LAKE CITY, UT 84111
State of Origin:
Registered Agent: DAVID BABCOCK
Registered Agent Address:
56 EXCHANGE PLACE                                    View Management Team
SALT LAKE CITY, UT 84111

Status: Expired

Status: Expired ● as of 10/26/2020
Status Description: Failure to File Renewal
Employment Verification: Not Registered with Verify Utah

History                                              View Filed Documents

Registration Date: 09/16/2005
Last Renewed: 07/12/2017

Additional Information

NAICS Code: 4219 NAICS Title: 4219-Miscellaneous Durable Goods Wholesa

<< Back to Search Results


                    Business Name:
```

*Sole Fitness*, https://secure.utah.gov/bes/displayDetails.html (last visited Feb. 11, 2022).

Sole Fitness opposes the Motion for Default Judgment and moves to set aside default arguing that it was not properly served with the Summons and Third-Party Complaint. (ECF No. 31 at 4.) More specifically, Sole Fitness asserts that on the date of its alleged service, Nathan Jones,[2] and not David Babcock, was the registered agent and he was located at "201 South Main Street, Suite 1100, Salt Lake City, Utah 84111." (*Id.* at 5 (citing ECF Nos. 31-2, 31-5 at 1).) A records search with the Utah Secretary of State's Office for Fitness Equipment Services, LLC results provides the following information that is consistent with this assertion:



*Fitness Equipment Services, LLC*, https://secure.utah.gov/bes/displayDetails.html (last visited Feb. 11, 2022).

---

[2] Sole Fitness informed the court that Samuel P. Gardner was added as registered agent on September 22, 2020, and he replaced Nathan Jones. (ECF No. 31 at 5.) In an Affidavit, Jones swore that from May of 2010 until September 22, 2020, he "served as the sole registered agent for Fitness Equipment Services, LLC." (ECF No. 31-5 at 1 ¶ 4.)

Sole Fitness next asserts that "David Babcock was not the registered agent for Fitness Equipment Services on [August 14, 2020]; in fact, he has never been the registered agent of this company." (ECF No. 31 at 4.) "Moreover, the address he was purportedly served at, '56 Exchange Place, Salt Lake City, Utah 84111,' has never been the registered agent address for this company." (*Id.* at 5.) Sole Fitness further specifies that Babcock "in approximately April of 2020, [] left his office at 56 Exchange Place, Salt Lake City, Utah 84111 due to the COVID-19 outbreak, and he has not been back in that office at any point since." (*Id.* (referencing ECF No. 31-4 at 2).)

B.    The Court's Review

"A court must have . . . personal jurisdiction over a defaulting party before it can render a default judgment." *E.g.*, *United States v. Pacheco*, C/A No. 1:17cv0054 (LO/JFA), 2017 WL 3638077, at *2 (E.D. Va. July 10, 2017). "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Choice Hotels Int'l, Inc. v. Bonham*, No. 96-2717, 1997 WL 600061, at *1 (4th Cir. Sep. 30, 1997) (citation omitted).

Rule 4 of the Federal Rules of Civil Procedure provides several ways for a plaintiff to serve a defendant. *See* Fed. R. Civ. P. 4(e)–(j). Specifically, the requirements for service of process for a corporation, association, or partnership are governed by Rule 4(h), which provides for service "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . ." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service must "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in

7

the state where the district court is located or where service is made; . . . ." Fed. R. Civ. P. 4(e)(1). In this regard, South Carolina, where this district court is located, permits service on a corporation, partnership, or other unincorporated association "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent" via "registered or certified mail, return receipt requested and delivery restricted to the addressee." Rules 4(d)(3), (8), SCRCP. Utah, where the service was made, permits service upon a corporation by mail so long as the "defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(B). In Utah, acceptance of service is demonstrated by a party "signing a document that acknowledges receipt of the summons and complaint." *Id.* at (d)(3)(B). However, no matter the method of service used, "[s]ervice must be made within 90 days of the complaint being filed." *Craig v. Glob. Sol Biz LLC*, No. 2:19-cv-00187-DCN, 2020 WL 528015, at *2 (D.S.C. Feb. 3, 2020) (citing Fed. R. Civ. P. 4(m)).

At the outset, the court observes that it is undisputed that DICK'S only attempted to serve its Summons and Third-Party Complaint on David Babcock, at 56 Exchange Place, Salt Lake City, Utah 84111. (*See* ECF No. 28-3.) Therefore, the crux of the instant dispute centers on whether DICK'S properly effected service of process on Babcock. *See, e.g.*, *Roche v. Young Bros. of Florence*, 456 S.E.2d 897, 900 (S.C. 1995) ("Service by mail cannot be the basis for a default judgment unless the return receipt shows 'acceptance by the defendant.' However, any default judgment may be set aside if the defendant 'demonstrates to the court that the return receipt was signed by an unauthorized person.'" (quoting Rule 4(d)(8, SCRCP)); *Jones v. Hous. Auth. for City of Camden*, C/A No. 08–5772 (NLH), 2010 WL 1492904, at *1 (D.N.J. Apr. 14, 2010) ("[I]t s a plaintiff's duty to properly effect service onto a defendant, particularly when that

8

plaintiff moves for default, . . . and . . . no default can be entered without a defendant being served properly." (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."))).

On vendor documents, Babcock is identified as the President and/or Chief Executive Officer of Sole Fitness. (*See* ECF No. 35-1 at 2.) In his Affidavit, he states that he is the Chief Executive Officer and President of Fitness Equipment Services, LLC. (ECF No. 31-4 at 1 ¶ 3.) However, according to Babcock, he "was not the registered agent for Fitness Equipment Services on August 14, 2020" and has "never been the registered agent for Fitness Equipment Services." (ECF No. 31-4 at 1 ¶ 3.) In considering the foregoing, the court observes that pursuant to the aforementioned rules of procedure, service of process on Fitness Equipment Services, LLC could have been effectuated on Babcock, an officer of the company, even if he was not its registered agent. *See* Fed. R. Civ. P. 4(h); Rules 4(d)(3), (8), SCRCP; Utah R. Civ. P. 4(d)(2)(B); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1103 (4th ed. West 2021). "In other words, a plaintiff has 'no obligation to serve . . . the registered agent.'" *Am. Nat'l Bank & Tr. Co. of Chi. v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *2 (N.D. Ill. Mar. 29, 2002) (quoting *Allegheny Int'l Credit Corp. v. Va. Chain Distribs., Inc.*, 97 F.R.D. 17 (W.D. Pa. 1982).).

Upon its review of the totality of information provided by the parties, the court is unable

to find that proper service of process occurred on Babcock. Unlike in *American Nation*, where a corporate officer executed a waiver of service of summons, and *Allegheny International*, where the president signed a return receipt of summons, Babcock is persuasive in establishing a case of defective service when he states in his Affidavit that:

> "I have reviewed the United States Postal Service delivery slip . . . [t]he signature on that document is not my signature, nor is it the signature of anyone employed by or associated with Fitness Equipment Services."
>
> . . .
>
> Due to the COVID-19 pandemic, none of Fitness Equipment Services' officers, managers, or managing or general agents were present in the office at 56 Exchange Place, Salt Lake City, Utah 84111 on August 14, 2020, or at any point during the month of August 2020.
>
> No person who was present in the office at 56 Exchange Place, Salt Lake City, Utah 84111 on August 14, 2020, or at any point during the month of August 2020, would have had the authority to accept service on behalf of Fitness Equipment Services.
>
> I was not served with Dick's Sporting Goods' Answer and Third-Party Complaint on August 14, 2020, or on any other date. I have never been served with Dick's Sporting Goods' Answer and Third-Party Complaint in this lawsuit. I, nor anyone in my office, has any record of receiving the Answer and Third-Party Complaint, and I have looked through my files and I found no evidence that the Answer and Third-Party Complaint was ever served on me.

(ECF No. 31-4 at 1 ¶ 5, 2 ¶¶ 8–10.)

Additionally, the court is persuaded to make a finding of improper service based on DICK'S failure to restrict the delivery of process to the addressee Babcock, as required by Rule 4(d)(8) of the South Carolina Rules of Civil Procedure. *E.g.*, *Craig*, 2020 WL 528015, at *2 ("SCRCP 4(d)(8) and the Supreme Court of South Carolina's interpretation of the rule in *Roche* clearly states that restriction to the addressee is required for service to be proper." (referencing *Roche*, 456 S.E.2d at 900)). However, even if under *Roche* such oversight is not automatically fatal to otherwise proper service, a finding of proper service on Babcock is further impeded as a

result of the illegible signature and address on the postal receipt.³ *E.g.*, *Stillwater Med. Ctr. Auth. v. Winchester Glob. Tr. Co. Ltd.*, Case No. CIV-19-954-G, 2020 WL 5823541, at *1 (W.D. Okla. Sept. 30, 2020) ("Applying the substantial compliance standard, courts have found that an attempt to serve by mail may be effective even in the absence of restricted delivery, if it can be shown that 'service [was] delivered to or refused by the addressee, or by an authorized person.' . . . In this case, however, the signature of the individual who accepted service is illegible, which prevents the Court from making this determination." (internal and external citation omitted)); *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-cv-1391-S-BN, 2019 WL 5790516, at *9 (N.D. Tex. Oct. 7, 2019) ("[T]he return of service shows an illegible signature . . . the 'address of recipient' field on the signed service form is incomplete . . . [b]ecause it is impossible to discern the identity of the person who signed the citation, . . . there is no indication in the record that [] a registered agent . . . was ever served." (internal citations omitted)); *Joe Hand Promotions, Inc. v. Steven Hiro Koda*, C/A No. 2:14cv623-MHT, 2016 WL 3563288, at *3 (M.D. Ala. June 29, 2016) ("Here, . . . Joe Hand's only evidence that service on Club BTS was perfected is a certified-mail receipt with an illegible signature. Although it may well be the case that the signature does belong to Robert Cox, 'any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief,' in light of the court's 'strong policy of determining cases on their merits' and the attendant 'disfavor' with which defaults are viewed." (internal and external citations omitted)).

Given the information presented by the parties, the court finds there is good cause to set

---

³ In *Roche*, the South Carolina Supreme Court observed that it has "never required exacting compliance with the rules to effect service of process." *Id.* at 456 S.E.2d at 899 (citation omitted). "Rather, we inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Id.*

11

aside the entry of default against Sole Fitness as process was not properly served on Babcock such that Sole Fitness should be subject to a default judgment. However, the court also finds that there is good cause as to why DICK'S believed it had properly served Sole Fitness. Accordingly, the court finds that DICK'S should be given the opportunity to make proper service upon Sole Fitness.

## IV.   CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Defendant/Third-Party Plaintiff DICK'S Sporting Goods, Inc.'s Motion for Default Judgment (ECF No. 28) and **GRANTS** Third-Party Defendant Fitness Equipment Services LLC d/b/a Sole Fitness's Motion to Set Aside Entry of Default (ECF No. 31). In accordance with its decision, the court further **ORDERS** as follows: (1) the Clerk of Court is instructed to vacate the July 2, 2021 Entry of Default (ECF No. 24) and (2) Defendant/Third-Party Plaintiff DICK'S Sporting Goods, Inc. shall have thirty (30) days or until March 16, 2022, to effect proper service upon Third-Party Defendant Fitness Equipment Services LLC d/b/a Sole Fitness.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 14, 2022
Columbia, South Carolina

ó